CIVIL ACTION NO. 1:16-CV-484-AT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA, ATLANTA DIVISION

In re Trade Am International, Inc., Debtor

Agrawal Investments, L.P., Appellant,

v.

S. Gregory Hays, Chapter 7 Trustee for the estate of Trade Am International, Inc.,
Appellee

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT,
NORTHERN DISTRICT OF GEORGIA, ATLANTA DIVISION

**BRIEF OF APPELLEE S. GREGORY HAYS, AS CHAPTER 7 TRUSTEE
FOR THE ESTATE OF TRADE AM INTERNATIONAL, INC.**

Sean C. Kulka
sean.kulka@agg.com
Michael J. Bargar
michael.bargar@agg.com

ARNALL GOLDEN GREGORY LLP
171 17th Street, N.W.
Suite 2100
Atlanta, Georgia 30363
Phone: (404) 873-8500
Fax: (404) 873-7031

8853430v1

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................. ii

STATEMENT OF THE ISSUES PRESENTED ........................................................ 1

JURISDICTIONAL STATEMENT ........................................................................ 1

STATEMENT OF THE CASE ................................................................................ 1

    I.     SUMMARY ............................................................................................. 1

    II.    STATEMENT OF THE FACTS AND PROCEDURAL
         HISTORY ................................................................................................ 3

STANDARD OF REVIEW ..................................................................................... 8

SUMMARY OF ARGUMENT ................................................................................ 9

ARGUMENT ....................................................................................................... 10

    I.     AGRAWAL IS NOT ENTITLED TO THE IMPOSITION OF
         A CONSTRUCTIVE TRUST OVER PROPERTY OF THE
         BANKRUPTY ESTATE ....................................................................... 10

         A.    Agrawal Carries the Burden of Proving that it is Entitled to a
             Constructive Trust over Property of the Bankruptcy Estate..... 10

         B.    Agrawal's Constructive Trust Argument Fails Because it
             Cannot Trace the Funds to the Bankruptcy Estate.................... 12

         C.    Agrawal Should be Estopped from Presenting Any Further
             Arguments that it is Entitled to a Constructive Trust. .............. 17

CONCLUSION .................................................................................................... 17

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amendola v. Bayer,*
  907 F.2d 760 (7th Cir. 1990) .............................................................................11

*Anderson v. Bessemer City,*
  470 U.S. 564 (1985)..........................................................................................8, 9

*Bonner v. City of Prichard,*
  661 F.2d 1206 (11th Cir. 1981) .........................................................................12

*In re Brill,*
  318 B.R. 49 (Bankr. S.D. NY 2004)..................................................................17

*Butner v. United States,*
  440 U.S. 48 (1979)........................................................................................10, 11

*Club Assocs. v. Consolidated Capital Realty Investors (In re Club Assocs.),*
  951 F.2d 1223 (11th Cir. 1992) ...........................................................................8

*Farrel v. Sharon Steel, Corp.,*
  41 F.3d 92 (3d Cir. 1994) ..................................................................................13

*Ferris, Baker Watts, Inc. v. Stephenson (In re MJK Clearing, Inc.),*
  371 F.3d 397 (8th Cir. 2004) ..................................................................14, 15, 16

*Haber Oil Co. v. Swinehart (In re Haber Oil Co.),*
  12 F.3d 426 (5th Cir. 1994) ...............................................................................11

*Hays v. Adam,*
  512 F.Supp. 2d 1330, 2007 U.S. Dist. LEXIS 25321
  (N.D. Ga. March 15, 2007)................................................................................16

*In re Hecker,*
  316 B.R. 375 (Bankr. S.D. Fla. 2004) ...............................................................13

*In re Hess*,
   404 B.R. 747 (Bankr. S.D. NY 2009)...............................................................17

*Holton v. City of Thomasville Sch. Dist.*,
   425 F.3d 1325 (11th Cir. 2005) .......................................................................8

*Official Comm. of Unsecured Creditors of Columbia Gas Transmission Corp. v. Columbia Gas Systems, Inc. (In re Columbia Gas Systems, Inc.)*,
   997 F.2d 1039 (3d Cir. 1993) .....................................................................13, 14

*Old Republic Nat'l Title Ins. Co. v. Tyler (In re Dameron)*,
   206 B.R. 394 (Bankr. E.D. Va. 1997).........................................................11, 14

*Ragsdale v. South Fulton Mach. Works (In re Whitacre Sunbelt, Inc.)*,
   211 B.R. 411 (Bankr. N.D. Ga. 1997) .............................................................14

*Rosenberg v. Collins*,
   624 F.2d 659 (5th Cir. 1980) ...........................................................................12

*Skiba v. Estate of Tobias (In re Michael Angelo Cory Inn, Inc.)*,
   297 B.R. 435 (Bankr. W.D. Pa. 2003)..............................................................17

*Superintendent of Ins. v. Ochs (In re First Cent. Fin. Corp.)*,
   377 F.3d 209 (2d Cir. 2004) ............................................................................11

*Trade Am International, Inc. v. The Cincinnati Insurance Company*,
   N.D. Ga. CAFN 1:08-cv-03711-ECS .................................................................4

*U.S. v. Coriaty*,
   300 F.3d 244 (2d Cir. 2002) ............................................................................13

*Wallach v. Countrywide Home Loans, Inc. (In re Sheppard)*,
   471 B.R. 45 (Bankr. W.D. NY 2012)................................................................17

*Watts v. Peachtree Tech. Partners, LLC (In re Palisades at West Paces Imaging Ctr., LLC)*,
   2011 Bankr. LEXIS 3576, 2011 WL 4459778
   (Bankr. N.D. Ga. September 13, 2011) ............................................................12

*Watts v. Pride Util. Constr., Inc. (In re Sudco, Inc.),*
   2007 Bankr. LEXIS 3730
   (Bankr. N.D. Ga. September 27, 2007) (Drake, J.) ............................................13

*XL/Datacomp v. Wilson (In re Olmegas Group, Inc.),*
   16 F.3d 1443 (6th Cir. 1994) ...............................................................................11

**Statutes**

15 U.S.C. § 78eee(b) (2000) .....................................................................................14

15 U.S.C. § 78eee(b)(4) .............................................................................................15

15 U.S.C. § 78fff(b) ...................................................................................................15

28 U.S.C. § 158(a) (2015) ...........................................................................................1

28 U.S.C. § 158(c) (2015) ...........................................................................................6

Ga. Code Ann. § 53-12-132 (2015) ...........................................................................10

Ga. Code Ann. § 53-12-130 (2015) ...........................................................................10

**Other Authorities**

Fed. R. Bankr. P. 8002 ............................................................................................6, 7

Restatement (Second) of Trusts § 202 ......................................................................13

8853430v1

iv

## STATEMENT OF THE ISSUES PRESENTED

Did the United States Bankruptcy Court for the Northern District of Georgia (the "**Bankruptcy Court**") correctly determine that $150,000.00 of funds that Mr. Ladha allegedly misappropriated from Agrawal and transferred to the Debtor in August 2007 is not subject to a constructive trust in favor of Agrawal because those funds cannot be traced to property of the Bankruptcy Estate?

## JURISDICTIONAL STATEMENT

On February 1, 2016, the Bankruptcy Court entered a final order [Bankr. 219] (the "**Order**") disallowing the proof of claim of Agrawal Investments, LP in the bankruptcy case of Trade Am International, Inc. (Case No. 13-62588-MGD). On February 15, 2016, Agrawal Investments, LP filed its notice of appeal [Bankr. 221]. This Court has appellate authority over dispositive orders and judgments of the Bankruptcy Court. 28 U.S.C. § 158(a) (2015) (providing that district courts have jurisdiction to hear appeals from final judgments, orders, and decrees from bankruptcy courts).

## STATEMENT OF THE CASE

### I.  SUMMARY

This matter arises out of a contested matter initiated by S. Gregory Hays, as Chapter 7 Trustee (the "**Trustee**") for the bankruptcy estate

1

8853430v1

(the "**Bankruptcy Estate**") of Trade Am International, Inc. (the "**Debtor**"), against Agrawal Investments, LP ("**Agrawal**"), in which Trustee sought an order from the Bankruptcy Court disallowing Agrawal's proof of claim for "conversion and fraud" in the amount of $2,094,020.05 (the "**Claim**").  [R2-15].

Following the filing of several briefs by Trustee and Agrawal, on February 1, 2016, the Bankruptcy Court entered the Order [Bankr. 219][1] disallowing the Claim, reasoning, among other things, "Agrawal has not established that it has a legally enforceable claim against the Debtor.  At best, it has shown that – in 2007 – Debtor may have received $150,000 in funds allegedly misappropriated by Mr. Ladha.  But Agrawal cannot now trace those funds to Debtor.  Agrawal's claim should therefore be disallowed in its entirety pursuant to § 502(b)(1)."  [Bankr. 219 at page 4].

On February 15, 2016, Agrawal filed a notice of appeal (the "**Notice of Appeal**") seeking appellate review of the Order.  [Bankr. 221].[2]

---

[1]    Agrawal designated the Order [Bankr. 219] to be part of the record on appeal.  [R2-20 at page 3 of 5].  The Order [Bankr. 219] was not included as part of the record submitted to the Court.  [R2].  For this reason, Trustee will reference the Order exclusively as "[Bankr. 219]" and not with a corresponding reference to the record in this appeal.

[2]    References to entries on the docket maintained by the bankruptcy court are cited herein as "Bankr. ___" (for "Bankruptcy Docket Entry [number of entry]").  Unless otherwise noted, references are to bankruptcy case number 13-62588-MGD.  Agrawal designated the notice of appeal to be part of the record on appeal.  [R2-20 at page 3 of 5].  The notice of appeal [Bankr. 221] was not included as part of the record submitted to the Court.  [R2].

2

On February 29, 2016, Agrawal filed its Designation of Record and Statement of Issues on appeal.  [R2-20]; [R2-21].  On March 2, 2016, the Trustee filed his Designation of Record on appeal.  [R2-22].

Agrawal's appeal should be denied because the record before the Bankruptcy Court supports the conclusion that the $150,000.00 in funds that were transferred to the Debtor in August 2007, which were allegedly misappropriated by Debtor's former principal, Mr. Ladha, cannot be traced to the Bankruptcy Estate, and therefore cannot support a constructive trust in favor of Agrawal under applicable law.

## II.    STATEMENT OF THE FACTS AND PROCEDURAL HISTORY

Ashutosh Ladha ("**Mr. Ladha**") is Debtor's owner, former officer, and principal. [R2-14 at page 4 of 11, ¶ 5].

On June 6, 2013 (the "**Petition Date**"), several of Debtor's creditors filed an involuntary bankruptcy petition against the Debtor.  [R2-1].  On August 7, 2013, the Bankruptcy Court entered an order for relief after it denied Mr. Ladha's motion to abstain.  [Bankr. 35, 36, and 219].

Debtor had ceased operating before the Petition Date.  *See* [R2-5 at page 1 of 71]; [R2-8 at pages 15-23 of 34]; [Bankr. 219 at page 4 of 5].

3

On August 14, 2014, Debtor's bankruptcy disclosure forms, including its Statement of Financial Affairs and schedules of assets and debts, were filed. [R2-5]. Debtor's *Schedule B – Personal Property*, identified no cash on hand and no checking or banking accounts. [R2-5 at page 10 of 71]. Other than certain insurance proceeds, which as of the Petition Date, were in the possession of The Cincinnati Insurance Company (the "**Insurance Proceeds**"),[3] and certain outdated computer equipment, the Debtor did not have any tangible personal property in its

---

[3] Between August 16, 2008 and August 18, 2008 (approximately a year after the Funds were transferred to the Debtor), a flood occurred at Debtor's warehouse facility in Norcross, Georgia, which caused significant damage to Debtor's inventory, loss of business income, and extra expenses. [R2-8 at page 16 of 34]. Upon discovery of the flood, Debtor submitted notice of the event to its insurance carrier The Cincinnati Insurance Company ("**CIC**"), but CIC refused to provide Debtor with all of the requested coverage. [R2-8 at page 16 of 34]. On November 17, 2008, Debtor filed suit against CIC in the Superior Count of Gwinnett County, in an action which was designated Civil Action File No. 08-A-10171-5 (the "**State Court Action**"), and on December 8, 2008, the State Court Action was removed to federal district court in *Trade Am International, Inc. v. The Cincinnati Insurance Company*, N.D. Ga. CAFN 1:08-cv-03711-ECS (the "**District Court Case**"). [R2-8 at page 16 of 34]. A trial began in the District Court Case on October 4, 2010, and on October 19, 2010, the jury awarded the Debtor damages in the amount of $9.12 million against CIC, and on October 26, 2010, the District Court entered a judgment against CIC in the amount of $9.12 million (the "**Judgment**"). [R2-8 at page 16 of 34]. CIC appealed the Judgment, and on January 28, 2013, the Eleventh Circuit affirmed the Judgment. [R2-8 at page 16 of 34]. In April 2013, CIC paid Debtor's litigation counsel (who held a first priority attorney lien) approximately $3.5 million in partial satisfaction of the Judgement, and Debtor's bankruptcy Schedules indicate that Cincinnati Insurance Company held approximately $5,730,984.54 in Insurance Proceeds for the Debtor as a result of the Judgment, as of the Petition Date. [R2-5 at pages 10-13 of 71]. The Insurance Proceeds were subject to various security interests with aggregate balances in excess of $11 million, as set forth on Debtor's *Schedule D – Creditors Holding Secured Claims*. [R2-5 at pages 14-15 of 71]. Trustee did not receive the Insurance Proceeds in the approximate amount $5.73 million until after the Petition Date on or about October 8, 2013. [R2-6 and R2-7]. These Insurance Proceeds remained subject to the security interests even after the funds were deposited. [R2-8 at pages 16-19 of 34].

4

possession or control as of the Petition Date.   [R2-5 at pages 10-13 of 71]. Of note, on the Petition Date, Debtor no longer had the Wachovia Account with account number XXXX-7642, the account to which the Funds allegedly transferred by Mr. Ladha (as defined below) were transferred on August 17, 2007.  *See* [R2-5 at page 10 of 71]; *see also* [R2-16 at page 6 of 8].

Debtor's *Schedule D – Creditors Holding Secured Claims* indicated almost $11 million in secured claims.  [R2-5 at pages 14-15 of 71].

On April 24, 2015, Trustee filed his *Motion for Approval of Settlement Agreement Pursuant to Rule 9019 and as part of Such Settlement to Determine the Extent, Validity, and Priority of Lien in Certain Property and Carve-Out of Lien in Favor of Estate* [R2-8] (the "**Settlement Motion**"), by which Trustee sought bankruptcy court approval of a certain settlement agreement (the "**Settlement Agreement**") between Trustee and Jupiter IL, LLC ("**Jupiter**") related to the Insurance Proceeds.  On May 20, 2015, the Bankruptcy Court entered an order (the "**Settlement Approval Order**") approving the Settlement Agreement.  [R2-10].   The Settlement Approval Order became a final non-appealable order on June 3, 2015.  *See* 28 U.S.C. § 158(c) (2015) (providing that an appeal of a final bankruptcy court order must be taken within the time provided in Rule 8002 of the Federal Rules of Bankruptcy Procedure); Fed. R. Bankr.

8853430v1

P. 8002 (providing fourteen days to file a notice of appeal). Under the terms of the Settlement Agreement, which was approved by the Settlement Approval Order, the Bankruptcy Estate received a carve-out (the "**Carve-Out**") from Jupiter's security interest in the Insurance Proceeds in the approximate amount of $1.8 million. [R2-10]. The remaining funds in the Bankruptcy Estate are subject to the Carve-Out. *Id.*

On June 4, 2015, Agrawal filed the Claim, which was the second amendment to its original claim. [R2-15]. Agrawal attached two exhibits in support of the Claim. [R2-15]. It labeled the first "Represents the amounts plus interest owed on Notes meant to repay Claimant for funds converted." [R2-15 at page 3 of 4]. It labeled the second "Amounts converted for which there are no notes." [R2-15 at page 4 of 4]. Agrawal did not attach any other documentation in support of the Claim. [R2-15]. On August 18, 2015, Trustee filed an objection to the Claim arguing that, among other things, it should be disallowed because: (1) it lacked documentation; (2) Agrawal was not Debtor's creditor; (3) Trustee was unable to locate any records indicating that funds going into Debtor's bank accounts originated from Mr. Ladha; and (4) Agrawal could not maintain a claim for alter ego against the Debtor under applicable law (the "**Objection**"). [R2-14 at pages 7-9 of 11]. On September 17, 2015, Agrawal filed a response to the

6

8853430v1

Objection alleging that on August 17, 2007, Debtor received $150,000.00 (the "**Funds**") of $500,000.00 that Mr. Ladha had allegedly misappropriated from Agrawal, and speculated that Agrawal may be able to uncover additional examples in which Debtor received misappropriated funds from Mr. Ladha (the "**Response**").  [R2-16 at pages 2-8 of 8].

On September 24, 2015, the Bankruptcy Court held a hearing on the Objection and the Response.  [R2-17 at page 1 of 2].  After that hearing, the Bankruptcy Court entered a scheduling order (the "**Scheduling Order**") requiring Agrawal and the Trustee to file briefs containing additional factual or legal support for their respective positions within thirty days.  *Id.*  The Scheduling Order also allowed the Trustee an additional ten days to respond to any supplemental response of Agrawal.  *Id.*  On October 26, 2015, without seeking any discovery from the Trustee, Agrawal filed a supplemental response to its initial Response, arguing that it was the beneficial owner of the Funds, and as a result, is entitled to a constructive trust over the Funds (the "**Supplemental Response**").  [R2-18].  However, despite the express directive of the Scheduling Order, Agrawal failed to attach any additional evidence to the Supplemental Response or identify any other evidence in support of its constructive trust argument other than exhibits that it had already attached to the Response.  [R2-16]; [R2-18].  On November 3, 2015,

7

Trustee filed his reply to the Supplemental Response, arguing, among other things,[4] that Agrawal was not entitled to a constructive trust over funds held by the Bankruptcy Estate because the Funds could not be traced to the Bankruptcy Estate. [R2-19 at pages 4-7 of 9]. On February 1, 2016, the Bankruptcy Court entered the Order sustaining the Objection, and disallowing the Claim in its entirety. [Bankr. 219].

## STANDARD OF REVIEW

This Court reviews the Bankruptcy Court's conclusions of law *de novo*, and its findings of fact for clear error. *Club Assocs. v. Consolidated Capital Realty Investors (In re Club Assocs.)*, 951 F.2d 1223, 1228-1229 (11th Cir. 1992). As "clear error is a highly deferential standard of review," it "does not entitle a reviewing court to reverse the finding of the trier of fact simply because it is convinced that it would have decided the case differently." *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350-1351 (11th Cir. 2005). Thus, "[w]here there are two permissible views of the evidence, the fact finder's choice between them cannot be clearly erroneous." *Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985).

---

[4] The Trustee also argued that Agrawal was precluded from asserting a constructive trust as a result of the Settlement Order and the doctrines of res judicata and collateral estoppel. [R2-19 at pages 7-8 of 9].

8

## SUMMARY OF ARGUMENT

Agrawal argues that, due to the alleged misdeeds of Mr. Ladha, it is entitled to a constructive trust over the Funds, and that the circumstances dictate that the Funds can be traced to the Bankruptcy Estate. [R5]. However, bankruptcy courts abhor the use of constructive trusts and will not impose a constructive trust absent a clear showing. Agrawal has misinterpreted applicable law related to tracing and the burden of proof for the same, and Agrawal has ignored the record that was before the Bankruptcy Court, which was uncontroverted and shows that the Funds cannot be traced to the Bankruptcy Estate. The Funds were depleted well before the Debtor's bankruptcy case was filed in June of 2013. This is demonstrated by the facts that the Debtor had ceased operating well before creditors initiated the Debtor's involuntary bankruptcy proceeding, and the Debtor had no cash or even a bank account on the Petition Date. Moreover, the only funds or property that are currently left in the Bankruptcy Estate arose out of the Settlement Agreement that was consummated well after the Petition Date and related to the allocation of funds from an insurance claim that arose well after the Funds were transferred to the Debtor. Accordingly, the Bankruptcy Court correctly held that the Funds cannot be traced to the Bankruptcy Estate, and no constructive trust exists in favor of Agrawal.

9

8853430v1

## ARGUMENT

**I.    AGRAWAL IS NOT ENTITLED TO THE IMPOSITION OF A CONSTRUCTIVE TRUST OVER PROPERTY OF THE BANKRUPTY ESTATE.**

A.    <u>Agrawal Carries the Burden of Proving that it is Entitled to a Constructive Trust over Property of the Bankruptcy Estate</u>.

Agrawal carries the burden of proving that it is entitled to a constructive trust over property of the Bankruptcy Estate.  The existence of a trust relationship in bankruptcy turns on applicable non-bankruptcy law.[5]  *See, e.g., Butner v. United States*, 440 U.S. 48, 54 (1979).  Because the imposition of a constructive trust offends the Bankruptcy Code's goal of equal distributions to similarly situated

---

[5]    Under applicable Georgia law, trusts are either expressed or implied.  Agrawal has not and cannot argue that it is entitled to an express trust with Debtor because there is no privity of contract between them. Implied trusts, however, are inferred by law from the nature of the transaction or the conduct of the parties, and are either resulting or constructive.  A resulting trust can arise when: (1) an express trust is created but fails for some reason; (2) when a trust is fully performed without exhausting all of the trust property; or (3) when a purchase money resulting trust is established.  Ga. Code Ann. § 53-12-130 (2015).  None of these circumstances are present here, and Agrawal has not argued to the contrary.  Alternatively, a constructive trust arises when it would be against equity for the holder of property to keep it. *See* Ga. Code Ann. § 53-12-132 (2015). More specifically, applicable Georgia law provides:

(a)  A constructive trust is a trust implied whenever the circumstances are such that the person holding legal title to property, either from fraud or otherwise, cannot enjoy the beneficial interest in the property without violating some established principle of equity.

(b)  The person claiming the beneficial interest in the property may be found to have waived the right to a constructive trust by subsequent ratification or long acquiescence.

*Id.*

10

creditors (it has the effect of removing property from the bankruptcy estate), bankruptcy courts are very reluctant to impose a constructive trust on estate property, and they require that the grounds for doing so "*be so clear, convincing, strong and unequivocal as to lead to but one conclusion.*" *Amendola v. Bayer, 907 F.2d 760, 763* (7th Cir. 1990) (emphasis added) (internal citations omitted); *see also Old Republic Nat'l Title Ins. Co. v. Tyler (In re Dameron)*, 206 B.R. 394, 400 (Bankr. E.D. Va. 1997) (stating a constructive trust "should not be impressed cavalierly" in bankruptcy); *Haber Oil Co. v. Swinehart (In re Haber Oil Co.)*, 12 F.3d 426, 436 (5th Cir. 1994) (stating that the "constructive trust doctrine can wreak . . . havoc with the priority system ordained by the Bankruptcy Code."); *XL/Datacomp v. Wilson (In re Olmegas Group, Inc.)*, 16 F.3d 1443, 1451 (6th Cir. 1994) (stating that a "constructive trust is fundamentally at odds with the general goals of the Bankruptcy Code."). Moreover, courts have uniformly held that the burden of proving a constructive trust in bankruptcy is on the party seeking its imposition. *In re Omegas Grp.*, 16 F.3d at 1450; *Superintendent of Ins. v. Ochs (In re First Cent. Fin. Corp.)*, 377 F.3d 209, 217-18 (2d Cir. 2004).

Applying these principles here, it is clear that Agrawal carries the burden of proving that it is entitled to a constructive trust. As set forth in greater detail below, although the Bankruptcy Court did not analyze the elements of a

11

constructive trust other than tracing, the Bankruptcy Court correctly determined that Agrawal did not carry its burden, and that the record before the Bankruptcy Court demonstrated that Agrawal *cannot* trace the Funds to the Bankruptcy Estate, which is fatal to Agrawal's constructive trust theory.

B.   Agrawal's Constructive Trust Argument Fails Because it Cannot Trace the Funds to the Bankruptcy Estate.

Agrawal's constructive trust argument, even if meritorious as to the other elements, fails because it cannot trace the Funds to the Bankruptcy Estate.  To establish that a trust relationship exists and that the subject property is excluded from property of the estate, a "claimant must . . . *trace the identity of his property*." *Rosenberg v. Collins*, 624 F.2d 659 (5th Cir. 1980);[6] *Watts v. Peachtree Tech. Partners, LLC (In re Palisades at West Paces Imaging Ctr., LLC)*, 2011 Bankr. LEXIS 3576, at *16, 2011 WL 4459778 (Bankr. N.D. Ga. September 13, 2011) (stating that "the [d]efendants could apply the trust only to the funds themselves or to any other property which the original funds could be traced.").  Although bankruptcy courts look to state law to determine whether a constructive trust relationship exists, they look to federal law to determine if the claimant has

---

[6]   In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*), the Eleventh Circuit Court of Appeals adopted as binding precedent the decisions of the former Fifth Circuit issued before October 1, 1981.

12

sufficiently traced the *res* of the trust.  *See, e.g., Farrel v. Sharon Steel*, *Corp.*, 41 F.3d 92, 95 (3d Cir. 1994) (stating that "[w]e look to state law to determine whether the claimant has shown a trust relationship, but . . . we look to federal law to determine whether the claimant has traced and identified the trust funds.").

In determining whether funds are traceable, and ultimately whether to impose a constructive trust, federal courts apply the lowest intermediate balance rule.  *See* Restatement (Second) of Trusts § 202 (Comment J); *Official Comm. of Unsecured Creditors of Columbia Gas Transmission Corp. v. Columbia Gas Systems, Inc.* (*In re Columbia Gas Systems, Inc.*), 997 F.2d 1039, 1053, 1063-64 (3d Cir. 1993); *U.S. v. Coriaty*, 300 F.3d 244, 253 (2d Cir. 2002).  Under this rule, the trustee of the trust dissipates his own funds first, and any remaining funds in the account are deemed to be trust funds.  *See* Restatement (Second) of Trusts § 202 (Comment J); *see also In re Hecker*, 316 B.R. 375 (Bankr. S.D. Fla. 2004); *Watts v. Pride Util. Constr., Inc. (In re Sudco, Inc.)*, 2007 Bankr. LEXIS 3730, at *21 (Bankr. N.D. Ga. September 27, 2007) (Drake, J.).  If, however, the "account is depleted after the trust fund has been deposited, the *trust fund is treated as lost.*"  *Ferris, Baker Watts, Inc. v. Stephenson (In re MJK Clearing, Inc.)*, 371 F.3d 397, 402 (8th Cir. 2004) (emphasis added); *see also In re Dameron*, 155 F.3d 718, 724 (4th Cir. 1998) (stating "[i]n no case is the trust permitted to be

13

replenished by deposits made subsequent to the lowest intermediate balance."); *In re Columbia Gas Systems, Inc.*, 997 F.2d at 1064 (3d Cir. 1993) (stating "trust beneficiary also loses property rights in a commingled account to the extent that the account drops below the amount held in trust."); *Ragsdale v. South Fulton Mach. Works (In re Whitacre Sunbelt, Inc.)*, 211 B.R. 411 (Bankr. N.D. Ga. 1997).

For example, in *MJK Clearing*, the debtor and Ferris, Baker Watts, Inc. ("**Ferris**") entered into a stock-loan transaction a few days prior to the bankruptcy case. *In re MJK Clearing, Inc.*, 371 F.3d at 399-400.  As part of this transaction, Ferris was required to pledge cash collateral to the debtor equal to the fair market value of the subject stock.  *Id.*  To consummate the transaction, Ferris transferred $22 million to debtor's depository trust account (the "**Account**").  *Id.* at 400.  The Account included funds from other sources.  *Id.*  By the end of the same day that those funds were transferred, the Account balance was negative because of various disbursements made by the debtor.  *Id.*  When the debtor encountered financial troubles a few days later, the Securities Investors Protection Corporation ("**SIPC**") requested, and the district court entered, a protective decree under 15 U.S.C. § 78eee(b) (2000), initiating a bankruptcy matter.[7]  *Id.*  Ferris then initiated an

---

[7]     Under the Securities Investors Protection Act ("**SIPA**"), a bankruptcy court has jurisdiction over SIPA liquidation proceedings.  *See* 15 U.S.C. § 78eee(b)(4).  And, various chapters of Title 11 of the United States Code apply in such proceedings.  *See* 15 U.S.C. §

14

8853430v1

adversary proceeding, requesting, among other things, that the bankruptcy court impose a constructive trust on any funds then in the Account. *Id.* On appeal from the bankruptcy court, and then the district court, the Eighth Circuit held that because the Account "held a negative balance" on the date that Ferris transferred the $22 million, the "'lowest intermediate balance' on the [A]ccount was zero." *Id.* at 403. Consequently, the Eighth Circuit held that there was "no property on which it could impose a constructive trust." *Id.* In short, the trust fund was "lost" when the lowest intermediate balance was zero, and as a result, Ferris was not entitled to a constructive trust over property of the bankruptcy estate. *Id.*

The same reasoning applies here. Like the balance of the Account in *MJK Clearing*, at some point prior to the Petition Date, the balance of Debtor's bank accounts went to a zero balance and these accounts were closed, including Wachovia Account No. XXXX-7642 (the account to which Mr. Ladha allegedly transferred the Funds to the Debtor in August 2007). [R2-5 at pages 10-13 of 71]. This is demonstrated by the fact that the Debtor actually did not have any bank accounts or cash on the Petition Date [R2-5 at page 10 of 71]; [Bankr. 219 at page 4 of 5], and the only assets currently in the Bankruptcy Estate arose from the Settlement Agreement, which was entered into and approved by the Bankruptcy

---

78fff(b).

15

Court post-petition and which arose out of an insurance claim that is completely unrelated to the Funds.  [R2-7 at page 1 of 5]; [R2-8]; [R2-10].  Indeed, after the Bankruptcy Court entered the Scheduling Order, Agrawal (which has the burden of proof in this matter) failed to take any discovery from the Trustee or provide any additional evidence in support of its constructive trust theory, including evidence of tracing.  *See* [R2-18].  Thus, applying the lowest intermediate balance rule here, it is clear that, like Ferris in *MJK Clearing*, Agrawal cannot trace the funds that Mr. Ladha allegedly transferred to Debtor (approximately 6 years before the Petition Date) to the Bankruptcy Estate.  As a result, like the Eighth Circuit in *MJK Clearing*, this Court should affirm the Bankruptcy Court's determination that Agrawal cannot establish a constructive trust because it cannot trace the Funds to the Bankruptcy Estate.[8]

---

[8]    Although Agrawal argues that it is entitled to a constructive trust over property of the Bankruptcy Estate in order to avoid unjust enrichment, it does *not* affirmatively assert a claim against the Bankruptcy Estate for unjust enrichment.  [R2-18]; [R-5].  This makes perfect sense because the transfer of the Funds occurred in August 2007, almost six years before the Petition Date.  The statute of limitations for an unjust enrichment claim in Georgia is four years.  *See Hays v. Adam*, 512 F. Supp. 2d 1330, 1346, 2007 U.S. Dist. LEXIS 25321, at * 48 (N.D. Ga. March 15, 2007) (citing to *Koncul Enterprises v. Fleet Finance, Inc.*, 630 S.E. 2d 567, 570 (Ga. App. Ct. 2006)).  Thus, the statute of limitations with regard to Agrawal's unasserted unjust enrichment claim, ran long before the Debtor's bankruptcy case was filed, and such a claim, even if meritorious, would not be enforceable against the Bankruptcy Estate.  *In re Hess*, 404 B.R. 747 (Bankr. S.D. NY 2009) (stating that if a claim barred by the statute of limitations, it is not allowable.); *In re Brill*, 318 B.R. 49 (Bankr. S.D. NY 2004) (same); *Skiba v. Estate of Tobias (In re Michael Angelo Cory Inn, Inc.)*, 297 B.R. 435 (Bankr. W.D. Pa. 2003) (same).

16

C.     Agrawal Should be Estopped from Presenting Any Further Arguments that it is Entitled to a Constructive Trust.

Because Agrawal failed to present any factual support that the Funds are traceable to property of the Bankruptcy Estate after being ordered to do so by the Bankruptcy Court in the Scheduling Order, it should be estopped from presenting any additional facts or arguments in this regard.  A creditor should be estopped from asserting claims when its actions induce the opposing party not to act to the opposing party's detriment.  *See, e.g., Wallach v. Countrywide Home Loans, Inc. (In re Sheppard)*, 471 B.R. 45 (Bankr. W.D. NY 2012).  Here, in the Scheduling Order, the Bankruptcy Court provided Agrawal the opportunity to present additional facts to prove that it could trace the Funds to the Bankruptcy Estate. [R2-17 at page 2 of 2].  In its Supplemental Response, Agrawal presented no additional facts or legal arguments to support its constructive trust argument. [R2-18].  Trustee relied on this silence in his reply.  [R2-19].  Agrawal sat on its rights at its own peril.  It would be inequitable for it to have a second bite at the apple.  Thus, for yet another reason, the Bankruptcy Court's Order should be affirmed.

## CONCLUSION

The Bankruptcy Court correctly held that Agrawal's constructive trust theory must fail because it cannot trace the Funds to the Bankruptcy Estate.  Under

17

the lowest intermediate balance rule, funds cannot be traced if the *res* of the subject trust are diminished below the level of the trust property or lost altogether. Here the record before the Bankruptcy Court shows that the Funds were completely depleted or lost altogether well before the Petition Date. Moreover, pursuant to the Scheduling Order, Agrawal had an opportunity to present additional evidentiary support of its constructive trust theory, including tracing, but failed to so. Accordingly, the Bankruptcy Court correctly determined that Agrawal's constructive trust theory must fail, and this Court should affirm the Bankruptcy Court's Order.

Respectfully submitted this 17th day of May, 2016.

ARNALL GOLDEN GREGORY LLP
*Attorney for Appellee*

By:    /s/ Sean C. Kulka
       Sean C. Kulka
       Ga. Bar No. 648919
       Direct Phone: (404) 873-8682
       Direct Fax: (404) 873-8683
       Email: sean.kulka@agg.com

       Michael J. Bargar
       Ga. Bar No. 645709
       Direct Phone: (404) 873-7030
       Direct Fax: (404) 873-7031
171 17th Street, NW                    Email: michael.bargar@agg.com
Suite 2100
Atlanta, GA 30363

18

8853430v1

## **CERTIFICATE OF COMPLIANCE**

In compliance with L.R. 7.1D, N.D. Ga., I, Sean C. Kulka, certify that the forgoing has been prepared in conformity with L.R. 5.1, N.D. Ga.  This Brief was prepared with Times New Roman (14 Point) type, with a top margin of one and one-half (1 ½) inches and a left margin of one (1) inch.

This 17th day of May, 2016.

ARNALL GOLDEN GREGORY, LLP

By:     */s/ Sean C. Kulka*
        Sean C. Kulka
        Ga. Bar No. 648919
        Direct Phone: (404) 873-8682
        Direct Fax: (404) 873-8683
        Email: sean.kulka@agg.com

        171 17th Street, N.W.
        Suite 2100
        Atlanta, Georgia 30363

        *Attorneys for Appellee*

8853430v1

## CERTIFICATE OF SERVICE

This is to certify that I, Sean C. Kulka, am over the age of 18 and that I have this day caused a true and correct copy of the foregoing BRIEF OF APPELLEE S. GREGORY HAYS, AS CHAPTER 7 TRUSTEE FOR THE ESTATE OF TRADE AM INTERNATIONAL, INC. to be served by depositing a copy of the same in the United States Mail with adequate postage affixed thereto to assure delivery by first class mail on the following persons or entities at the addresses stated:

J. Douglas Stewart, Sr.
Stewart, Melvin & Frost, LLP
P.O. Box 3280
Gainesville, GA 30503

J. Douglas Stewart, Sr.
Stewart, Melvin & Frost, LLP
200 Main Street
6th Floor Hunt Tower
Gainesville, GA 30503

This 17th day of May, 2016.

/s/ Sean C. Kulka
Sean C. Kulka
Georgia Bar No. 648919

8853430v1